UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION -- LONDON

| | |
|---|---|
| LISA ANN JONES,<br>    **Plaintiff,**<br><br>V.<br><br>ANDREW SAUL, Commissioner of<br>Social Security,<br>    **Defendant.** | CIVIL ACTION NO. 6:19-118-KKC<br><br><br>**OPINION AND ORDER** |

This matter is before the Court on cross motions for summary judgment. (DE 14; DE 16.) Plaintiff Lisa Ann Jones brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of an administrative decision to deny her supplemental security income benefits. (DE 2 at 1.) For the reasons stated below, the Court denies Plaintiff's motion for summary judgment, grants Defendant Andrew Saul,[1] Commissioner of Social Security's motion for summary judgment, and affirms the Commissioner's decision.

## Background

Plaintiff filed an application for supplemental security income on January 11, 2017, alleging disability beginning on January 1, 2007.[2] (AR at 11.) The claim was initially denied on March 16, 2017, and upon reconsideration on July 6, 2017. (AR at 11.) A hearing was held before Administrative Law Judge Susan Brock on June 25, 2018, and ALJ Brock denied Plaintiff's claim on September 18, 2018. (AR at 11, 22.)

---

[1] Although Plaintiff's complaint named Nancy A. Berryhill, Acting Commissioner of Social Security, as Defendant (DE 2), pursuant to FED. R. CIV. P. 25(d), a public officer's successor may be automatically substituted as a party.
[2] Plaintiff later amended the alleged onset date of her disability to January 11, 2017. (AR at 11.)

1

In denying Plaintiff's claim, the ALJ engaged in the five-step sequential process set forth in the regulations under the Social Security Act, 20 C.F.R. § 404.1520(a)-(e). *See, e.g., Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

At step one, the ALJ determined that "[t]he claimant has not engaged in substantial gainful activity since January 11, 2017, the application date." (AR at 13.)

At step two, the ALJ determined that "[t]he claimant has the following severe impairments: lumbar degenerative disc disease, depression, anxiety, and panic disorder with agoraphobia." (AR at 14.)

At step three, the ALJ determined that "[t]he claimant does not have an impairment, or combination of impairments, that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (AR at 14.)

Before proceeding to step four, the ALJ determined that –

> the claimant has the residual functional capacity to perform light work, as defined in 20 CFR 416.967(b), except: the claimant can frequently climb ramps and stairs, and she can only occasionally climb ladders, ropes, and scaffolds. The claimant can occasionally stoop, kneel, crouch, and crawl. She can have frequent exposure to vibration and frequent exposure to extreme cold and wetness. The claimant can perform simple, routine tasks. She can frequently interact with co-workers and supervisors, but she should avoid interaction with the public. The claimant can adapt to occasional workplace changes, and she recognize [*sic*] hazards.

(AR at 15.) At step four, the ALJ determined that "[t]he claimant has no past relevant work." (AR at 21.)

At step five, the ALJ determined that "[c]onsidering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." (AR at 21.) In making this determination, the ALJ relied on a vocational expert, who testified that a hypothetical individual with these given factors "would be able to perform the requirements of

2

representative light, unskilled, specific vocational preparation (SVP) 2 occupations, such as: Cleaner/housekeeper… Assembler… [and] Assembler, electronics accessories." (AR at 21-22.)

Plaintiff requested review of the ALJ's decision, but on March 25, 2019, the Appeals Council denied that request, finding no basis to review the ALJ's decision. (AR at 1.) Plaintiff filed the present action in this Court on May 8, 2019. (DE 2.) On October 9, 2019, Plaintiff filed her motion for summary judgment (DE 14), and on November 8, 2019, the Commissioner filed his motion for summary judgment (DE 16).

## Analysis

### I. Standard

This Court's review of the decision by the ALJ "is limited to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Under Sixth Circuit law, "[t]he substantial evidence standard is met if a reasonable mind might accept the relevant evidence as adequate to support a conclusion," and a court "will defer to that finding even if there is substantial evidence in the record that would have supported an opposite conclusion." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (citations and internal quotation marks omitted). Under the Social Security Act's framework, "[t]he burden lies with the claimant to prove that she is disabled." *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001).

### II. Discussion

Plaintiff's motion is essentially a recitation of the medical evidence and several conclusory statements, without advancing any developed argument as to why the ALJ's decision was not supported by substantial evidence. Accordingly, the Court finds that the ALJ's decision was supported by substantial evidence and made pursuant to the proper legal standards. *See Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 490-91 (6th Cir. 2006) (noting that, where a claimant "has made little effort to develop [an] argument… or to

identify any specific aspects of the Commissioner's determination that lack support in the record," the court will "decline to formulate arguments on [claimant's] behalf, or to undertake an open-ended review of the entirety of the administrative record").

Although Plaintiff claims that the ALJ failed to consider the medical evidence from Dr. William Stafford's examination in March 2017 (DE 14-1 at 13), the ALJ's analysis discusses that examination and Dr. Stafford's findings in detail (AR at 18-19). Plaintiff reports that Dr. Stafford found that she suffered from "moderate to severe degenerative changes" and that "she would have difficulty performing strenuous activities" (DE 14-1 at 13) – findings explicitly mentioned in the ALJ's discussion of Dr. Stafford's examination (AR at 18-19). Although the ALJ's discussion of Dr. Stafford's findings does not mention that Plaintiff suffers from anxiety (DE 14-1 at 13), this is not sufficient to find that the ALJ's decision was not supported by substantial evidence, particularly since the ALJ nonetheless concluded that Plaintiff suffers from "panic disorder with agoraphobia" (AR at 14).

Although Plaintiff claims that the ALJ failed to consider Dr. William Rigby's report (DE 14-1 at 13), the ALJ's analysis explicitly discusses that report and Dr. Rigby's findings in detail (AR at 19). Plaintiff reports that Dr. Rigby found that "she suffered from a panic disorder with agoraphobia" and "that she would have moderate limitations in her ability to maintain social interactions" with others and in "her ability to adapt and respond to the pressures of normal day-to-day work activity" (DE 14-1 at 13) – findings explicitly mentioned in the ALJ's discussion of Dr. Rigby's examination (AR at 19). Although the ALJ's discussion of Dr. Rigby's findings does not mention that Plaintiff suffers from a "depressive disorder" (DE 14-1 at 13), this is not sufficient to find that the ALJ's decision was not supported by substantial evidence, particularly since the ALJ nonetheless concluded that Plaintiff suffers from depression (AR at 14).

Although Plaintiff claims that the ALJ also failed to consider Dr. Robert Spangler's findings (DE 14-1 at 13-14), the ALJ's analysis discusses those findings (AR at 19-20). Further, although the ALJ assigned only partial weight to Dr. Spangler's opinion, she explained her reasoning for having discounted that opinion –

> Mr. Spangler failed to offer specific, function-by-function limitations, in vocationally relevant terms, and he did not personally examine the claimant. Rather, Mr. Spangler's opinion was based upon a snapshot analysis of the claimant's functioning and behavior on the date of her scheduled appointment.

(AR at 19.)

Although Plaintiff claims that the ALJ did not determine that she suffers from agoraphobia (DE 14-1 at 14), as discussed above, that is incorrect – the ALJ *did* determine that Plaintiff suffers from agoraphobia (AR at 14).

Finally, although Plaintiff implies that the ALJ selectively included "only portions of the pertinent evidence" (DE 14-1 at 15), she provides no sound basis to draw that conclusion.

### **Conclusion**

Accordingly, the Court hereby ORDERS that:

1) Plaintiff's motion for summary judgment (DE 14) is DENIED;

2) Defendant's motion for summary judgment (DE 16) is GRANTED;

3) the decision of the Commissioner is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g), as it was supported by substantial evidence and was decided by proper legal standards; and

4) a judgment will be entered contemporaneously with this order.

Dated March 31, 2020



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY